```
                   UNITED STATES DISTRICT COURT
                   EASTERN DISTRICT OF MISSOURI
                          EASTERN DIVISION


GREG MONROE and                    )
E'WANA MONROE                      )
                                   )
      Plaintiffs/Garnishors,       )
                                   )
      v.                           )     No. 4:08 CV 1486 DDN
                                   )
EUGENE ROEDDER,                    )
                                   )
      Defendant/Debtor,            )
                                   )
STATE FARM MUTUAL AUTOMOBILE       )
INSURANCE COMPANY,                 )
                                   )
      Garnishee.                   )
                                   )
```

## MEMORANDUM

This action is before the court on the motions (1) of the plaintiffs for remand of the entire action (Doc. 4); (2) of the plaintiffs for an order authorizing a payout order (Doc. 10); and (3) of the garnishee to dismiss defendant Roedder or to have him declared a nominal party (Doc. 14). All of the parties have consented to the exercise of plenary authority by the undersigned United States Magistrate Judge under 28 U.S.C. § 636(c). A hearing was held on October 15, 2008.

The relevant factual background of this removed action is without dispute. On May 9, 2008, in the Circuit Court of St. Louis County, plaintiffs Greg Monroe and E'Wana Monroe obtained a judgment against defendant Eugene Roedder in the amount of $24,995,795.56. Roedder's liability to the Monroes is the subject of coverage by a contract of insurance issued by garnishee State Farm Mutual Automobile Insurance Company (State Farm).

In September 2008 the Monroes commenced a garnishment proceeding against State Farm to satisfy Roedder's judgment debt to them. To accomplish this, the Monroes filed a form document captioned "Execution/Garnishment/Sequestration Application and Order." In the appropriate box the form requests the Clerk of the Court to issue a

"Garnishment." In its bottom margin, the form bears the designations "OSCA (7-06) CV90" and "Rule 90.02, 452.350 RSMo." (Doc. 1, Ex. A at 1.)

The garnishment document filed by plaintiffs names them as the petitioners and Roedder as the respondent. The form identifies State Farm as the garnishee and instructs that service be made on the Missouri Director of Insurance for State Farm at its Illinois address, identifying the applicable insurance policy. Attached to the form is a document captioned "Interrogatories to Garnishee." On this form the Monroes are identified as plaintiffs, Roedder as defendant, and State Farm as the garnishee who is directed to answer the interrogatories. (Id. at 4.)

Both the garnishment form and the interrogatory form bear the circuit court case number of the case in which judgment was entered. The interrogatory form also bears a specific garnishment number. (Id. at 1, 4.)

On September 26, 2008, State Farm filed its notice of removal of the case in which judgment was entered against defendant Roedder and in which it was named as garnishee. (Doc. 1 at ¶ 1.) State Farm invokes this court's original, diversity of citizenship subject matter jurisdiction, granted by 28 U.S.C. §§ 1332 and 1441. State Farm alleges that the parties are citizens of different states[1] and that the amount in controversy exceeds \$75,000.[2]

In their motion for remand, plaintiffs argue that State Farm is not a party to the removed state court action, and that the action is not removable due to the "forum defendant rule" in 28 U.S.C. § 1441(b). (Doc. 5.)

In response, State Farm argues that under federal law this type of garnishment proceeding is a proceeding separate from the underlying

---

[1] It is undisputed that the Monroes were and are citizens and residents of Florida; State Farm has its principal place of business in Illinois; and defendant Eugene Roedder is a citizen of Missouri.

[2] After the garnishment proceedings commenced, State Farm deposited with the registry of the circuit court the sum of \$972,047.34, which is the subject of the plaintiffs' motion for an order authorizing a pay out of the deposited proceeds.

liability action and is removable and that there is complete diversity of citizenship for subject matter jurisdiction. (Doc. 7.)

The parties agree that the Monroes commenced their state court garnishment proceeding under Mo. S. Ct. R. 90 and Mo. Rev. Stat. § 525.240, and not under Mo. Rev. Stat. § 379.200.[3]

Plaintiffs argue that State Farm is not a party to the state court action who can remove it to this court. To determine whether or not the Rule 90 garnishment proceedings in the Missouri circuit are removable, the court must look to federal law. <u>Randolph v. Employers Mut. Liab. Ins. Co. of Wis.</u>, 260 F.2d 461, 463-64 (8th Cir. 1958).

The status of a liability insurance company as a garnishee in the judicial action in which liability was established against an insured is sufficient generally to accord the insurer the right to invoke the federal removal procedure. <u>Randolph</u> was a case in which plaintiff Randolph sued defendant automobile driver Stokes in the Circuit Court for the City of St. Louis for negligence and recovered a monetary judgment. Thereafter, Randolf summoned Employers Mutual Liability Insurance Company into court as a garnishee on the policy it issued to Stokes. Employers Mutual removed the garnishment proceedings to this court and Randolf moved to remand the case to the circuit court. Randolf argued that the garnishment matter was not a separate and independent proceeding, but was auxiliary to the negligence action against Stokes. The district court denied remand and the garnishment proceedings went forward and Employers

---

[3]Section 379.200 provides that judgment creditors, such as the Monroes, "may proceed in equity against the defendant and the insurance company to reach and apply the insurance money to the satisfaction of the judgment." Mo. Rev. Stat. § 379.200. The Eighth Circuit Court of Appeals has concluded that § 379.200 provides a separate, independent judicial proceeding for a judgment creditor to reach insurance proceeds. <u>Lancaster v. Am. and Foreign Ins. Co.</u>, 272 F.3d 1059, 1066 (8th Cir. 2001)("section 379.200 did not create an exclusive remedy and . . . a judgment creditor may use Missouri's ordinary postjudgment garnishment process to reach insurance proceeds"). The Missouri Supreme Court thereafter ruled similarly. <u>Johnston v. Sweany</u>, 68 S.W.3d 398, 404 (Mo. 2002)(per curiam) (Missouri cases holding that "a garnishment action under [§ 525.240] is not available to garnish an insurance policy after a judgment is entered against a defendant who may have insurance coverage" are overruled).

Mutual asserted defenses to the policy coverage. A jury trial was conducted in the district court and the garnishee insurer prevailed.

On appeal, the Eighth Circuit overruled Randolph's argument that the federal courts lacked subject matter jurisdiction because the garnishment proceedings were not removable because they were auxiliary to the negligence action; the Eighth Circuit reaffirmed an earlier decision[4] and concluded that the district court had subject matter jurisdiction and the matter was properly removed. Id. at 464-65; see also Koehnen v. Herald Fire Ins. Co., 89 F.3d 525, 527-28 (8th Cir. 1996)(case removed from Minnesota state court).

Plaintiffs argue that there is not sufficient diversity of citizenship for subject matter jurisdiction by reason of the "forum defendant" rule under 28 U.S.C. § 1441(b). Section 1441(b) provides in relevant part: "Any other such action [other than an action involving federal question jurisdiction] shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."

Defendant Roedder's presence in the overall state court action does not require the application of § 1441(b). It is undisputed that in the circuit court defendant Roedder was not served with the garnishment process; his status in the case is only as the defendant on plaintiffs' negligence claim. The Notice of Removal filed by State Farm indicates that State Farm removed only the garnishment proceedings between plaintiffs and it to this court, not any issue or dispute between the Monroes and Roedder. Therefore, for the purposes of the garnishment proceedings against State Farm, Roedder is a nominal party, whose presence in the case is no impediment to removal of the garnishment proceedings. Cf., Thorn v. Amalgamated Transit Union, 305 F.3d 826, 833-34 (8th Cir. 2002).

Section 1332(c)(1) of Title 28, U.S.C., referred to by the parties, is likewise no impediment to complete diversity. The relevant portion of § 1332(c)(1) provides:

---

[4]Stoll v. Hawkeye Cas. Co. of Des Moines, Iowa, 185 F.2d 96 (8th Cir. 1951).

-4-

> . . . in any direct action against the insurer of a policy or contract of liability insurance . . . to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen, as well as of any State by which the insurer has been incorporated and of the State where it has its principal place of business.

28 U.S.C. § 1332(c)(1). The garnishment matter removed to this court is not a "direct action" within the meaning of § 1332(c)(1).

> The essential feature of a tort "direct action" is that the insurer has been substituted as a party-defendant for the legally responsible insured. The term "direct action" as used in 28 U.S.C. § 1332(c)(1) refers to a case "in which a party suffering injuries or damage for which another is legally responsible is entitled to bring suit against the other's liability insurer without joining the insured or first obtaining a judgment against him." Thus, unless the cause of action against the insurance company is essentially the same claim that would seek liability against the insured, the action is not a direct action.

Hipke v. Kilcoin, 279 F. Supp. 2d 1089, 1092 (D. Neb. 2003)(internal citations omitted); Hayes v. Pharmacists Mut. Ins. Co., 276 F. Supp. 2d 985, 987 (W.D. Mo. 2003)(same); Freeman v. Walley, 276 F. Supp. 2d 597, 599 (S.D. Miss. 2003)(same). As in Hayes, Hipke, and Freeman, the Monroes are not making any claim against State Farm to establish any liability of Roedder to them. They are asserting only claims they have against Roedder's insurer.

The motion to remand the entire action is denied.

Finally, the plaintiffs have moved, with the consent of all other parties, for an order that this court would "approve" an order by the Missouri circuit court to disburse the money deposited by State Farm in the registry of that court to the plaintiffs. The requested order appears to the court to be a request for an advisory opinion, which this court is without subject matter jurisdiction to issue.

However, the court will consider the motion as one for an order that this court exercise jurisdiction over the deposited fund under 28 U.S.C. §§ 1450 and 1651. Thus considered, the court will grant the motion and order the circuit court to transfer the deposited fund from the registry of the Clerk of the Circuit Court of St. Louis County to the registry of this court. Thereafter, the fund shall be subject to the orders of this

court.  Cf., Mathis v. Leavitt, No. 07-0062-CV-W-RED, 2007 WL 4205815, at *3 (W.D. Mo. Nov. 26, 2007).

An appropriate order is issued herewith.


　　　　　　　　　　　　　　　　　　　/S/ David D. Noce
　　　　　　　　　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**


Signed on October 20, 2008.