UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GREG MONROE and ) | |
| E'WANA MONROE ) | |
| ) | |
| Plaintiffs/Garnishors, ) | |
| ) | |
| v. ) | No. 4:08 CV 1486 DDN |
| ) | |
| EUGENE ROEDDER, ) | |
| ) | |
| Defendant/Debtor, ) | |
| ) | |
| STATE FARM MUTUAL AUTOMOBILE ) | |
| INSURANCE COMPANY, ) | |
| ) | |
| Garnishee. ) | |
| ) | |

**MEMORANDUM**

This Missouri circuit court garnishment proceeding, previously removed to this court, is before the court on the objection of garnishee State Farm Mutual Automobile Insurance Company (State Farm) to the Notice of Dismissal filed by plaintiffs Greg Monroe and E'Wana Monroe and its motion to strike the notice (Doc. 28). A hearing on the matter was held on October 24, 2008.

By an order and a memorandum opinion filed on October 20, 2008, the court denied the motion to remand this Missouri Supreme Court Rule 90 garnishment proceeding, which State Farm removed to this court.[1] On October 21, 2008, plaintiffs filed a notice of voluntary dismissal without prejudice of the removed garnishment proceeding under Federal Rule of Civil Procedure 41(a)(1)(A)(i). (Doc. 26.) Plaintiffs argue they are entitled to the voluntary dismissal without prejudice of the garnishment proceedings under Rule 41(a)(1)(A)(i), because State Farm has filed no answer or summary judgment motion in the garnishment proceedings. On October 23, 2008, State Farm filed its objection to the notice of dismissal and its motion to strike the notice.

---

[1]The garnishment proceedings were removed under 28 U.S.C. §§ 1441(a) and 1332 (diversity of citizenship subject matter jurisdiction).

Rule 41(a)(1)(A)(i) provides: "*Without a Court Order* . . . [T]he plaintiff may dismiss an action without a court order by filing . . . a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment . . . ." Fed.R.Civ.P. 41(a)(1)(A)(i). The right of a plaintiff to file a Rule 41(a)(1)(A)(i) notice applies to removed actions. State ex rel. Nixon v. Coeur D'Alene Tribe, 164 F.3d 1102, 1105 (8th Cir. 1999); Wilson v. City of San Jose, 111 F.3d 688, 692 (9th Cir. 1997); Flaig v. Yellow Cab Co. of Mo., 4 F.R.D. 174 (W.D. Mo. 1944).

State Farm argues that the Monroes' use of a Rule 90 garnishment summons and interrogatories was the functional equivalent of an initial issue-joining pleading, e.g. a complaint, and that its answers to the Monroes' garnishment interrogatories, which answers denied the Monroes' entitlement to relief from it, were the functional and procedural equivalent of an answer. Therefore, State Farm argues, a notice of voluntary dismissal without prejudice without a court order is not a procedure available to the Monroes. The court disagrees.

The substantive rights of the parties in the removed garnishment proceeding, a proceeding in aid of execution of the Monroes' state court judgment against defendant Eugene Roedder, in this court are governed by the rule of Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938), which requires the application of the law of Missouri as the rules of decision. Guaranty Trust Co. of N.Y. v. York, 326 U.S. 99, 109 (1945)("the intent of [the Erie] decision was to insure that, in all cases where a federal court is exercising jurisdiction solely because of the diversity of citizenship of the parties, the outcome of the litigation in the federal court should be substantially the same, so far as legal rules determine the outcome of a litigation, as it would be if tried in a State court."). Cf., Fed.R.Civ.P. 69(a)(1), 71.

As State Farm acknowledges, besides the garnishment summons, interrogatories, and answers thereto, Missouri Rule 90.07 also allows for the filing of exceptions by the garnishors to the garnishee's answers to the interrogatories, if they dispute the answers, and a rejoining response by the garnishee if it disputes the exceptions. See Mo. S. Ct. R. 90.07(b), (c). It is undisputed that the Monroes have not filed any

exception to the garnishment interrogatory answers filed by State Farm. Thus, State Farm has filed no response, because there has been no objection to respond to.

Under Missouri law, if the garnishor files no objection to the garnishee's answers to the garnishment interrogatories, as in the Monroes' case, the garnishment proceedings terminate, because the circuit court loses jurisdiction over them. <u>Allison v. Tyson</u>, 123 S.W.3d 196, 198-99 (Mo. Ct. App. 2003).

> "A garnishment action is a creature of statute in derogation of the common law." <u>Allison v. Tyson</u>, 123 S.W.3d 196, 200 (Mo.App. W.D.2003). Chapter 525 RSMo and Rule 90 of the Missouri Rules of Civil Procedure govern garnishment proceedings. "Strict compliance with the statutes and rules governing such actions is, therefore, essential to confer and support jurisdiction." <u>Id.</u> "A garnishor's failure to proceed as required by statute and rule constitutes abandonment or discontinuance of a garnishment proceeding, and the circuit court loses its jurisdiction to proceed." <u>Id.</u> Rule 90.07(c) provides that "[t]he garnishor, within ten days after service of the garnishee's answer to interrogatories, shall file any exceptions to the interrogatory answers asserting any objections to the answers and <u>asserting all grounds upon which recovery is sought</u> . . . ." If the garnishor does not timely file exceptions to the garnishee's interrogatory answers, the garnishee's answers to the interrogatories are conclusively binding against the garnishor. Rule 90.07(c). The garnishor may also deny the answer of the garnishee. Section 525.190. "If the answer of the garnishee be not excepted to nor denied in proper time, it shall be taken as to be true and sufficient." Section 525.210.
> \* \* \*
> Garnishor's failure to file exceptions or a denial to Garnishee's answers to its interrogatories constituted abandonment of its garnishment proceedings and, therefore, the trial court lost jurisdiction over the garnishment proceeding.

<u>Miller v. N. Am. Ins. Co.</u>, 195 S.W.3d 529, 531 (Mo. Ct. App. 2006).

Thus, under Missouri law, the pleadings that would join issue in Missouri garnishment proceedings, such as this one, are the garnishor's denial(s) or exception(s) to the interrogatory answer(s) of the garnishee and the garnishee's reply or response thereto. <u>See</u> Mo.S.Ct.R. 90.07(c),

(d); Mo.S.Ct.R. 90.10(b); Mo. Rev. Stat. § 525.190.[2]  The garnishee's reply or response to the garnishor's objections or exceptions is the pleading which is the functional equivalent of an answer or summary judgment motion for the purposes of Federal Rule of Civil Procedure 41(a)(1)(A)(i).  No exception or objection has been filed by the Monroes to the State Farm interrogatory answers and State Farm has thus had no occasion to file a response or reply thereto.

For these reasons, the Monroes' notice of voluntary dismissal without prejudice is effective under federal Rule 41(a)(1)(A)(i). Plaintiffs' Rule 41(a)(1)(A)(i) notice is self-executing and thereby the removed garnishment proceedings are dismissed without prejudice; the Notice of Dismissal moots all pending matters in the garnishment proceedings in this court.  Crook v. WMC Mortgage Corp., No. 06-cv-535-JPG, 2006 WL 2873439, at *2 (S.D. Ill. Oct. 5, 2006).  The pending matters include the earlier order of this court that the Missouri circuit court transmit to the Clerk of this court the monies State Farm had deposited with the registry of that court in the garnishment proceedings. (Doc. 23.)  That order is no longer viable and now is vacated.  The court

---

[2]Mo. Rev. Stat. § 525.190 provides:

> The plaintiff may deny the answer of the garnishee, in whole or in part, without oath.  In all cases where the answer of the garnishee is denied, the denial shall contain, specially, the grounds upon which a recovery is sought against the garnishee; **and the garnishee shall be entitled to a reply, and the issue or issues made up on the denial and the reply shall be the sole issue or issues tried, and the issue or issues shall be tried as ordinary issues between plaintiff and defendant.**

Mo. Rev. Stat. § 525.190 (emphasis added).  Missouri Supreme Court Rule 90.10(b) provides:

> If the garnishor files exceptions to the garnishee's answers to interrogatories . . . , the court or jury shall determine all controverted issues raised by the garnishor's exceptions to the garnishee's answers to interrogatories, the garnishee's response thereto . . . .

Mo.S.Ct.R. 90.10(b).

notes from its records of this action that those monies have not yet been transmitted to the registry of this court. In its exercise of authority over the underlying action before it, which was not removed to this court, the circuit court may determine the disposition of those funds and all further matters before it in that action. An appropriate order is issued herewith.

          /S/ David D. Noce
    **UNITED STATES MAGISTRATE JUDGE**

Signed on October 28, 2008.